IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| OMAR TORRES-MONTALVO § | |
| Reg. #: 25971-037 § | |
| v. § | C.A. NO. C-11-161 |
| § | |
| WARDEN ROY KEITH § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner is an inmate at the Federal Bureau of Prisons ("BOP") currently incarcerated at the Federal Correctional Institution in Three Rivers, Texas. On May 11, 2011, he filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. (D.E. 1). Pending is Respondent's motion to dismiss. (D.E. 17). On September 15, 2011, Petitioner filed his response. (D.E. 18).

For the reasons set forth herein, it is respectfully recommended that Respondent's motion to dismiss be granted, and that this habeas petition be denied.

### I.  BACKGROUND

On February 8, 1995, a federal grand jury sitting in Newark, New Jersey issued an initial three-count indictment, charging Petitioner and his co-defendants with one count of conspiracy to commit interstate kidnaping, in violation of 18 U.S.C. § 1201(c), and two counts of interstate kidnaping, in violation of 18 U.S.C. § 1201(a). (D.E. 2-3, at 1). Another federal grand jury in Newark then issued a superseding four-count indictment on March 1, 1995, charging him and his co-defendants with the same offenses as in the original indictment in addition to one new count of conspiracy to distribute and possess with intent to distribute approximately thirty kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1). (D.E. 2-4, at 8). Petitioner was not arraigned until March 2, 1995 on the basis of the superseding indictment. (D.E. 2-2, at 6). On July 12, 1995, the United States Court for the District of New Jersey held trial. (D.E. 2-2, at 8).

Following a finding of guilty, Petitioner was sentenced to life imprisonment on all four counts. (D.E. 17-2, at 5). Additionally, he was fined $10,000, $200 in special assessments were imposed, and the sentencing court "recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program." Id. at 4, 6. The fine and special assessment were to be "due immediately." Id.

Petitioner appealed his conviction to the United States Court of Appeals for the Third Circuit on March 19, 1996. (D.E. 17-1, at 6). On July 30, 1997, the Third Circuit affirmed the conviction and judgment of sentence. United States v. Palma-Ruedas, 121 F.3d 841 (3d Cir. 1997), cert. denied, Torres-Montalvo v. United States, 523 U.S. 1033 (1998).

Petitioner subsequently filed a habeas petition pursuant to 28 U.S.C. § 2255, which was denied on September 20, 1999 by the District of New Jersey. Torres-Montalvo v. United States, No. 2:99-cv-1182 (D.N.J. Sept. 20, 1999) (unpublished). His motion to file a successive petition was also denied on November 12, 1999 by the Third Circuit. Torres-Montalvo v. Dep't of Justice, No. 99-5838 (3d Cir. Nov. 12, 1999) (unpublished); see also Torres-Montalvo v. Dep't of Justice, No. 99-1373, 1999 WL 825533 (D.C. Cir. Sept. 30, 1999) (per curiam) (unpublished) (successive petition transferred to the Third Circuit). The Third Circuit denied his motion for a certificate of appealability on November 15, 1999. (D.E. 17-1, at 12).

On August 20, 1999, Petitioner filed a habeas petition in the Eastern District of Texas. (D.E. 17-1). The district court denied his petition on August 25, 1999. Torres-Montalvo v. United States, No. 1:99-cv-547 (E.D. Tex.) (unpublished). On January 31, 2000, his appeal was dismissed due to failure to prosecute. Torres-Montalvo v. United States, No. 99-41112 (5th Cir. Jan. 31, 2000) (unpublished).

In another habeas petition filed on September 20, 2011 in the Eastern District of Texas, (D.E. 17-1, at 29), Petitioner alleged that the trial court erroneously applied the sentencing guidelines when he received the four life sentences. On September 28, 2001, that court denied this petition as well because he improperly used a § 2241 action to collaterally attack his conviction. Torres-Montalvo v. United States, No. 1:01-cv-651 (E.D. Tex. Sept. 28, 2001) (unpublished). Specifically, the court held that his claim "does not meet the criteria required to support a claim under the savings clause of § 2255." Id. at 4; (D.E. 17-1, at 31).

On March 19, 2010, Petitioner filed a Rule 35(b) motion to reduce his sentence in the District of New Jersey. This motion was denied on July 13, 2010. United States v. Torres-Montalvo, No. 2:95-cr-70 (D.N.J. July 13, 2010) (unpublished). His appeal to the Third Circuit was voluntarily dismissed on August 31, 2010. United States v. Torres-Montalvo, No. 10-3242 (3d Cir. Aug. 31, 2010) (unpublished).

While in prison, Petitioner submitted a complaint letter on August 26, 2010 arguing that the BOP was inappropriately collecting the court-ordered fines through a payment schedule prescribed by the Inmate Financial Responsibility Program ("IFRP") because the authority to set such a payment schedule constituted a "core judicial function." (D.E. 2-8, at 1-2). In this theory, he asserted that the sentencing court's judgement order constituted an improper delegation in violation of Article III of the Constitution. Id. at 2. This complaint was rejected the next day by the BOP, which asserted that it was complying with the terms of the sentence order. Id.

Petitioner subsequently filed a BP-9 appeal on September 8, 2010, arguing both that the BOP was without authority to set a payment schedule and that the sentencing order only

"recommended" that he participate in the IFRP. Id. at 3. This appeal was denied by J. Lee on September 17, 2010, the Acting Warden of Three Rivers at the time, because the fines were to be collected "immediately" and the IFRP's program statement provided that participation in the IFRP could begin during an inmate's incarceration in the absence of direction from the court. Id. at 4. On September 27, 2010, Petitioner appealed this denial in a BP-10 on the same grounds. Id. at 5. Regional Director G. Maldonaldo, Jr. denied this appeal on November 5, 2010 essentially restating the same grounds as J. Lee, but adding that participation in the IFRP was voluntary, though there were consequences for non-participation. Id. at 6. After re-alleging the unconstitutionality of the IFRP in his November 16, 2010 BP-11 appeal, id. at 7, Harrell Watts, Administrator of National Inmate Appeals, issued a response that affirmed the previous two decisions on the basis that the IFRP was authorized by law and properly applied as to the Petitioner. Id. at 8.

Petitioner then filed this habeas petition on May 11, 2011. (D.E. 1).

## II. PETITIONER'S ALLEGATIONS

Petitioner is challenging the validity of his sentence on three grounds. First, he alleges that the United States District Court for the District of New Jersey violated the Speedy Trial Act, 18 U.S.C. § 3161, by failing to set a trial date within the prescribed time period. Id., at 3. Second, he argues that the trial court miscalculated his offense levels during sentencing, thereby committing a "miscarriage of justice." Id. at 4. Finally, he protests the collection of his fine by the BOP through the IFRP on the basis that this arrangement violates the Mandatory Victims Restitution Act and Article III of the Constitution. Id. at 4-5.

### III. DISCUSSION

Respondent maintains that Petitioner is not entitled to habeas relief because he seeks to collaterally attack his conviction in this § 2241 action without satisfying the Savings Clause exception set forth by § 2255. (D.E. 17, at 5).

### A. Plaintiff's Exhaustible Claims Were Exhausted

A federal petitioner seeking relief pursuant to 28 U.S.C. § 2241 must first exhaust his administrative remedies through the Bureau of Prisons ("BOP").[1] See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam); United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (citations omitted). Exhaustion, however, is not required "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Fuller, 11 F.3d at 62 (quoting Hessbrook v. Lennon, 777 F.2d 999, 1003 (5th Cir. 1985)). Because Petitioner is actually challenging his underlying conviction through this § 2241 action, the BOP cannot grant the relief that he seeks. To the extent that Petitioner seeks to challenge the BOP's allegedly unlawful collection of his fines through the IFRP, the record indicates, and Respondent concedes, that Petitioner has exhausted his administrative remedies. (D.E. 17, at 8). Accordingly, it is respectfully recommended that Petitioner has exhausted the only exhaustible

---

[1] The BOP provides an administrative process by which inmates can present a complaint. 28 C.F.R. § 542.10 et. seq.; see also Shah v. Quinlin, 901 F.2d 1241, 1243 (5th Cir. 1990) (discussing BOP administrative remedy procedures). First, the inmate must present the complaint informally on Form BP-8 to a staff member at the facility where he is housed. 28 C.F.R. § 542.13(a). If this informal procedure does not resolve the issue, the inmate then commences the three-tiered administrative remedy procedure by filing a formal written complaint on a Form BP-9 with the warden at the local level. 28 C.F.R. § 542.14. If unsatisfied with the warden's response, the inmate may submit an appeal on Form BP-10 within twenty days of the response to the regional director. 28 C.F.R. § 542.15. Finally, if unsatisfied at the regional level, the inmate has thirty days from the date of the regional director's response to submit an appeal on Form BP-11 to the General Counsel. Id. The appeal to the General Counsel is the final administrative appeal provided by the BOP. Id.

claim in this action.

**B.     This Court Lacks Jurisdiction To Address Petitioner's Claims.**

The Fifth Circuit has explained the difference between motions filed pursuant to § 2255 and petitions filed pursuant to § 2241 as follows:

> Section 2255 is the primary means of collaterally attacking a federal sentence. Section 2241 is used to attack the manner in which a sentence is executed. A § 2241 petition which attacks errors that occur at trial or sentencing is properly construed under § 2255. Nevertheless, a § 2241 petition attacking a federally imposed sentence may be considered *if* the petitioner establishes the remedy under § 2255 is inadequate or ineffective.
>
> We join our sister circuits that have held that a prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement does *not* make § 2255 inadequate or ineffective. [Petitioner] is simply attempting to circumvent the limitations on filing successive § 2255 motions.

Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000) (per curiam) (emphases in original) (internal citations omitted); see also Pack v. Yusuff, 218 F.3d 448, 452-54 (5th Cir. 2000) (collecting cases).

Thus, a § 2241 petition, which attacks errors that occurred at trial or sentencing, must either be dismissed, or construed as a § 2255 motion to vacate, set aside, or correct a sentence. Pack, 218 F.3d at 452 (citations omitted). There is an exception to this rule, however, as discussed in Tolliver. Specifically, a § 2241 petition attacking a federally imposed sentence may be considered if the petitioner establishes that the remedy afforded by § 2255 is "inadequate or ineffective," thereby invoking the Savings Clause of § 2255. 211 F.3d at 878 (citation omitted). The Savings Clause provides that successive petitions must be denied unless inadequacy or ineffectiveness is demonstrated:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C. § 2255(e) (emphasis added).

A petitioner must satisfy a two-prong test before the Savings Clause can be invoked to address errors occurring at trial, or sentencing in a petition filed pursuant to § 2241. The Fifth Circuit has explained the test:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. Under these circumstances, it can be fairly said, in the language of the savings clause, that "the remedy by a [successive § 2255] motion is inadequate or ineffective to test the legality of [the petitioner's] detention." Of course, this test will operate in the context of our existing jurisprudence regarding what is *not* sufficient to obtain access of the savings clause.

<u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001) (emphasis in original) (citing <u>Pack</u>, 218 F.3d at 452). Section 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. <u>Id.</u> at 901 (citing <u>Pack</u>, 218 F.3d at 452; <u>Kinder v. Purdy</u>, 222 F.3d 209, 214 (5th Cir. 2000)). Notably, a § 2255 motion is not inadequate or ineffective merely because a petitioner cannot meet the "second or successive" requirements under AEDPA. <u>Pack</u>, 218 F.3d 452-53 (citations omitted). Similarly, the procedural barrier or a prior unsuccessful § 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy. <u>Id.</u> at 453.

### 1. The Savings Clause of § 2255 is inapplicable to Petitioner's claim that his right to a speedy trial was violated.

Petitioner contends that he is entitled to relief pursuant to § 2241 because § 2255 is inadequate or ineffective. In support of this assertion, he argues that Bloate v. United States, 130 S. Ct. 1345 (2010) recently overruled United States v. Arbelaez, 7 F.3d 344 (3d Cir. 1993), the then-existing Third Circuit precedent that allowed the trial court to take more than seventy days to bring him to trial pursuant to 18 U.S.C. § 3161(c). (D.E. 2, at 10-12; D.E. 18, at 4). Due to this alleged violation of the Speedy Trial Act, he argues that the remedy afforded by § 2255 is inadequate and that the Savings Clause therefore applies.

Not all new Supreme Court rulings can form the basis of a collateral attack against a then-proper conviction. New rules of criminal procedure cannot be applied retroactively on collateral review unless they are "of such a nature that 'without [it] the likelihood of an accurate conviction is seriously diminished.'" Bousley v. United States, 523 U.S. 614, 620 (1998) (quoting Teague v. Lane, 489 U.S. 288, 313 (1989) (plurality opinion)). Such retroactively applied rules of procedure must "place[] certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe, or could be considered a watershed rul[e] of criminal procedure." Id. at 620 (internal quotations and citations omitted); accord United States v. Gonzales, 327 F.3d 416, 417 (5th Cir. 2003) (citing Teague, 489 U.S. at 311). In contrast, Supreme Court decisions "holding that a substantive federal criminal statute does not reach certain conduct" are applied retroactively because of the "significant risk that a defendant stands convicted of an 'act that the law does not make criminal.'" Bousley, 523 U.S. at 620 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)); Reyes-Requena, 243 F.3d at 903-04 (citations omitted). This focus on substance and procedure is intended "to assure that no

8

man has been incarcerated under a procedure which creates an impermissibly large risk that the innocent will be convicted." Bousley, 523 U.S. at 620 (internal quotations and citations omitted); Gonzales, 327 F.3d at 418 (citations omitted). While the Supreme Court need not specifically mandate that its holdings are to be applied retroactively on collateral review, King v. Keller, 372 F. App'x 70, 73 (11th Cir. 2010) (per curiam) (unpublished), all retroactively applied rules of criminal procedure must meet the standard set out in Bousley.

Even assuming that Bloate did overrule Arbelaez and that the trial court relied upon Arbelaez in order to avoid a violation of the Speedy Trial Act, Petitioner fails to show that the rule in Bloate can be applied retroactively on collateral review. The holding in Bloate dealt with "the narrow question whether time granted to a party to *prepare* pretrial motions is automatically excludable from the [Speedy Trial] Act's 70-day limit under subsection (h)(1), or whether such time may be excluded only if a court makes case-specific findings under subsection (h)(7)." 130 S. Ct. at 1349 (emphasis in original). This issue is one of procedure, not substance. Whether the trial court tried Petitioner within seventy days does not implicate an increased likelihood that he was wrongfully convicted of kidnaping and distribution of cocaine. Contrary to his assertions, he would not have been "convicted in the context of a non-existent crime," (D.E. 18, at 4), merely because the trial court held his trial at a slightly later time than allowed by the Speedy Trial Act. Furthermore, Bloate has not been regarded as a "watershed rule of criminal procedure" sufficient to warrant retroactive collateral review. See Hall v. Wilson, No. 6:10-CV-188, 2011 WL 676935, at *4 (E.D. Ky. Feb. 16, 2011) (unpublished) (declining to apply Bloate retroactively to prisoners collaterally challenging their conviction pursuant to § 2241).

To the extent that Petitioner argues there was a Speedy Trial Act violation in his trial

9

based on Bloate, this ruling cannot be applied retroactively on collateral review. Accordingly, it is respectfully recommended that the Savings Clause of § 2255 is inapplicable to Petitioner's claim that the Speedy Trial Act was violated.

### 2. The Savings Clause of § 2255 is inapplicable to Petitioner's claim that his sentence was wrongly calculated.

Petitioner also argues that he is entitled to habeas relief because the trial court wrongly calculated his sentence by misinterpreting the applicable enhancement provisions. He asserts that "clarifying amendments" apply collaterally and that he is "actual[ly] innocen[t]" of the sentencing court's misinterpretation of the enhancement provisions in light of Amendment 547 to the Sentencing Guidelines,[2] which was enacted after his case was concluded. (D.E. 2, at 13). He essentially claims that, but-for the sentencing court's error, he would have received a limited term of imprisonment rather than the life sentencing that he is currently serving. Id. at 18; (D.E. 18, at 6).

Clarifying amendments function as interpretive aids to the Sentencing Guidelines rather than work any substantive alteration, and they therefore apply retroactively. United States v. Davidson, 283 F.3d 681, 684 (5th Cir. 2002) (citations omitted). Collateral challenges of an allegedly improper sentence may therefore proceed through a § 2255 habeas petition. See United States v. Dyer, 428 F. App'x 458, 459 (5th Cir. 2011) (per curiam) (unpublished) (discussing that a petitioner can seek a reduction of his sentence through either § 3582(c) or § 2255); United States v. Armstrong, 347 F.3d 905, 908-09 (11th Cir. 2003) ("consideration of ... a clarifying amendment may be necessary in the direct appeal of a sentence or under § 2255").

---

[2] Petitioner's claim of "actual innocence" from the sentencing court's misinterpretation effectively means that he did nothing to cause the alleged error by the court. It does not appear that he is asserting actual innocence from the crimes for which he was convicted on the basis of newly discovered evidence or some exculpatory fact.

Petitioner was sentenced on February 16, 1996. (D.E. 17-2, at 4). The effective date for Amendment 547 is November 1, 1997. U.S. Sentencing Guidelines Manual app. C (2003). Because Petitioner filed a § 2255 petition on September 20, 1999–well after Amendment 547 was enacted–any collateral attack against his sentence on the basis of Amendment 547 would be construed as a "second or successive" habeas petition to modify his sentence. See United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (explaining that a petition "is 'second or successive' when it: '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition, or 2) otherwise constitutes an abuse of the writ.'") (emphasis added) (quoting In re Cain, 137 F.3d 234, 235 (5th Cir. 1998) (per curiam)).

In effect, Petitioner is attempting to use this § 2241 petition to litigate a claim he should have already raised in his initial § 2255 petition. In doing so, he conflates the ability to use Clarifying Amendments in an initial collateral attack with the ability to use Clarifying Amendments to collaterally attack a sentence successively. Nevertheless, he does not cite to any decisions or statutes showing that retroactive Clarifying Amendments can also be used in a § 2241 petition in lieu of filing a successive § 2255 petition. On the contrary, the Fifth Circuit and other courts have repeatedly emphasized that petitioners cannot use the Savings Clause in § 2255 to circumvent the procedural bars imposed by AEDPA. Tolliver, 211 F.3d at 877-78 (citations omitted); Pack, 218 F.3d at 452-53 (citations omitted); Kinder, 222 F.3d at 214; see also Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011) (en banc) ("Every circuit to decide this issue has reached the same conclusion we do: the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of

§ 2255(h).").

Petitioner maintains that his life sentence for a non-capital offense is "grossly disproportionate" citing Graham v. Florida, 130 S. Ct. 2011, 2029 (2010) for support. However, the unique facts of Graham, which compelled the Supreme Court to conclude that a juvenile who was convicted of armed burglary should not serve a life sentence without parole, are inapplicable as to Petitioner, an adult who was convicted of kidnaping multiple people and distributing around thirty kilograms of cocaine. See id. at 2018-20, 2028-29. In addition, the maximum allowable punishment for violations of 18 U.S.C. §§ 1201(a), 1201(c), and 21 U.S.C. § 841(a)(1) in 1996 was life imprisonment. Respondent points out, and Petitioner did not deny, that any error by the sentencing court nevertheless resulted in a sentence that did not exceed the statutory maximum punishment for these crimes. See United States v. Porter, 335 F. App'x 408, 410 (5th Cir. 2009) (per curiam) (unpublished) (habeas relief would have been denied where petitioner's sentencing range remained unchanged even with the application of a Guidelines amendment).

Accordingly, it is respectfully recommended that the Savings Clause of § 2255 is inapplicable to Petitioner's claim that his sentence was wrongly calculated.

### 3. The Savings Clause of § 2255 is inapplicable to Petitioner's claim that the sentencing court improperly delegated sentencing authority to the BOP.

Petitioner's third claim for habeas relief asserts that the sentencing court's improper delegation of sentencing authority to the BOP constitutes a violation of the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A et seq., and Article III of the Constitution. (D.E. 2, at 19; D.E. 18, at 7). Specifically, he argues that the sentencing court failed to consider his financial situation when ordering a criminal monetary penalty and instead effectively required him to participate in the IFRP, which is wholly administered by the BOP. As a result, he claims that the

sentencing court improperly delegated to the BOP its judicial responsibility to decide whether he was able to pay the ordered fine, as required by § 3664(f)(2) and Article III.

Because Petitioner is attacking the sentencing court's imposition of the fine rather than the way in which the BOP is collecting his fines, (D.E. 18, at 7), this claim more properly sounds in § 2255.[3] His briefs also lack reference to any basis on which he can avail himself of the Savings Clause of § 2255. Therefore, it is respectfully recommended that he fails to show that he can bring this improper delegation claim pursuant to § 2241.

### 4. Federal court jurisdiction over any claim brought pursuant to a § 2255 motion by Petitioner is lacking.

Where a petitioner is not entitled to proceed under the Savings Clause and § 2241, it is appropriate for the court to construe his petition as a motion pursuant to § 2255. Pack, 218 F.3d at 452 ("A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."). Thus, it is respectfully recommended that Petitioner's motion be properly construed as a § 2255 motion.

Construed as a § 2255 motion, the Court must determine whether jurisdiction properly lies in this Court in light of the statutory language:

---

[3] If Petitioner's claim were instead premised on the BOP's improper administration of his sentence, he would be able to bring this claim pursuant to § 2241. The Fifth Circuit has established that "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack, 218 F.3d at 451 (citations omitted).
Nevertheless, the BOP's general administrative authority to immediately collect obligations imposed by the sentencing court has been examined and accepted by the Fifth Circuit. Acevedo v. Franco, 69 F.3d 535, 1995 WL 625358, at *1 (5th Cir. Oct. 3, 1995) (per curiam) (unpublished) ("mandatory participation in the Inmate Financial Responsibilities Program ... does not violate any constitutional right as such participation is reasonably related to a legitimate penological interest in encouraging inmates to rehabilitate themselves by developing a sense of financial responsibility") (citation omitted); Bloch v. Lake, 183 F. App'x 471, 471 (5th Cir. 2006) (per curiam) (unpublished) (rejecting a claim that enrollment in the IFRP amounted to an unconstitutional delegation "[b]ecause the sentencing court set the amount of restitution and ordered the restitution ... due immediately") (citations omitted).

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, <u>may move the court which imposed the sentence to vacate, set aside or correct the sentence</u>.

28 U.S.C. § 2255(a) (emphasis added). Pursuant to § 2255, motions must be filed in the court where the sentence or conviction being challenged was imposed. See <u>Solsona v. Warden, F.C.I.</u>, 821 F.2d 1129, 1132 (5th Cir. 1987) (citation omitted). Because Petitioner is challenging a sentence imposed by the District of New Jersey, (D.E. 17-2, at 4), any § 2255 motion should be filed there.[4]

Accordingly, it is respectfully recommended that if Petitioner's application is construed as a § 2255 motion, the Court find that jurisdiction over Petitioner's § 2241 petition is not proper in this district, and that his claims should be dismissed for want of jurisdiction.

---

[4] It is respectfully recommended, however, that construed as a § 2255 motion, Petitioner's motion is likely a "second or successive" motion. See <u>Orozco-Ramirez</u>, 211 F.3d at 867 (citation omitted). Petitioner is required to seek and acquire the approval of the Third Circuit before filing a second or successive § 2255 motion. See <u>Tolliver</u>, 211 F.3d at 877; 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

## IV. RECOMMENDATION

For the reasons set forth herein, it is respectfully recommended that respondent's motion to dismiss, (D.E. 17), be granted, and that Petitioner's habeas petition for relief pursuant to 28 U.S.C. § 2241, (D.E. 1), be dismissed for lack of jurisdiction.

Respectfully submitted this 11th day of October 2011.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).