**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **OMAR TORRES-MONTALVO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 2:11-CV-00161** |
| | § | |
| **WARDEN ROY KEITH,** | § | |
| | § | |
| **Respondent.** | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND
RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

## I.      BACKGROUND

Pending before the Court is Respondent's Motion to Dismiss. (D.E. 17.)  On October 11, 2011, United States Magistrate Judge Brian L. Owsley signed a Memorandum and Recommendation to Dismiss Petition for Writ of Habeas Corpus. (D.E. 21.)  The Magistrate Judge recommends that Respondent's Motion to Dismiss be granted and that Petitioner's habeas corpus petition be dismissed for want of jurisdiction. (*Id*. at 14.)

Petitioner objects to the Magistrate Judge's conclusion that this Court is without jurisdiction to address his habeas petition. (D.E. 29.)  Citing *Tolliver v. Dobre*, 211 F.3d 876 (5th Cir. 2000), Petitioner argues that the Court should invoke the savings clause of 28 U.S.C. § 2255 and review his petition pursuant to 28 U.S.C. § 2241 because the remedy available under § 2255 is inadequate or ineffective. (D.E. 29 at 3.)  Additionally, with regard to his third claim for relief, Petitioner asserts that he is challenging his conditions of confinement under § 2241, rather than invoking the savings clause of § 2255. (D.E. 29 at 6.)

Petitioner is entitled to a de novo disposition of those portions of the Magistrate Judge's Memorandum and Recommendation to which timely objections were filed. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

## II.    ANALYSIS

Petitioner makes the following objections to the Magistrate Judge's Findings and Recommendation and urges this Court to exercise jurisdiction over his claims pursuant to § 2241: (**A**) Petitioner argues that *Bloate v. United States*, 130 S. Ct. 1345 (2010) was a substantive decision interpreting a federal criminal statute, and therefore, this ruling applies retroactively on collateral review; (**B**) Petitioner asserts that although he failed to collaterally attack his sentence in his initial § 2255 petition filed in September 1999 based on Amendment 547 to the Sentencing Guidelines, he should be able to attack his sentence under § 2241 because, under *Graham v. Florida*, 130 S. Ct. 2011, 2029 (2010), his sentence exceeded the statutory maximum and was grossly disproportionate for his crimes; and (**C**) Petitioner argues that, with regard to his third claim for habeas relief, he is not relying on the savings clause of § 2255, but rather, he challenges his fine as a condition of confinement under § 2241. (D.E. 29 at 4–6.)  The Court considers each of these objections and the Magistrate Judge's findings and conclusions on these issues de novo.

### A.    Petitioner's First Claim for Relief

Petitioner argues that the Supreme Court's interpretation in *Bloate* of a portion of the Speedy Trial Act, 18 U.S.C. § 3161(h)(1), was a substantive decision that must be applied retroactively on collateral review.  The Supreme Court considered "the narrow question whether time granted to a party to *prepare* pretrial motions is automatically excludable from the [Speedy Trial] Act's 70-day limit under subsection (h)(1), or whether such time may be excluded only if a

court makes case-specific findings under subsection (h)(7)." 130 S. Ct. at 1349.  The Court held

that this time was not automatically excludable. *Id*. at 1358.

Substantive decisions generally narrow the scope of a criminal statute by re-interpreting

its terms, or they place particular conduct or persons beyond a state's power to punish based on

constitutional limitations. *Schriro v. Summerlin*, 542 U.S. 348, 351–52 (2004).  *Bloate* did not

impact the illegality of the crimes charged in the case at hand.  Petitioner was not convicted "for

an act that the law does not make criminal" merely because, under the Speedy Trial Act, he

should have been tried slightly earlier. *Davis v. United States*, 417 U.S. 333, 346 (1974).  Thus,

*Bloate* resolved an issue of procedure, not substance. *See Felder v. United States*, Case No. 4:10–

70188–TLW, 2011 WL 5320991 at *9–10 (D.S.C. Nov. 03, 2011); *Owens v. Jett*, Case No. 10–

CV–4316, 2011 WL 4860168 at *2–4 (D. Minn. Oct. 13, 2011); *Hall v. Wilson*, Case No. 6:10–

CV–188, 2011 WL 676935 at *4 (E.D. Ky. Feb. 16, 2011).

Procedural decisions such as *Bloate* do not apply retroactively unless they constitute

" 'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of

the criminal proceeding." *Schriro*, 542 U.S. at 351–52 (2004) (quoting *Saffle v. Parks*, 494 U.S.

484, 495 (1990)); *see also Whorton v. Bockting*, 549 U.S. 406, 416 (2007). To be retroactive, a

new procedural rule must be one "without which the likelihood of an accurate conviction is

seriously diminished." *Teague v. Lane*, 489 U.S. 288, 313 (1989).  The fact that the trial court

failed to try Petitioner within seventy days, as calculated under the new procedural rule

established by *Bloate*, did not result in an increased likelihood that he was wrongfully convicted.

Thus, *Bloate* does not present a watershed rule of criminal procedure warranting retroactive

collateral review.  *Bloate* simply changed how the seventy days within which the government

must bring a defendant to trial under the Speedy Trial Act are calculated.

In sum, the Supreme Court's decision in *Bloate* does not apply retroactively to cases on collateral review.  Petitioner's first objection is therefore overruled, and the Court adopts the Magistrate Judge's findings and conclusions on this matter.  The savings clause does not apply to Claim I of Petitioner's § 2241 habeas petition. (D.E. 2 at 4–12.)  Claim I is therefore dismissed.

### B.     Petitioner's Second Claim for Relief

Claim II of Petitioner's § 2241 habeas petition alleges that the life sentence imposed upon him resulted from a misinterpretation of the Sentencing Guidelines, and he is entitled to be sentenced to a shorter term of imprisonment. (D.E. 2 at 13–18.)  Petitioner acknowledges that, under the Antiterrorism and Effective Death Penalty Act (AEDPA), he was required to request that his sentence be recalculated based on Amendment 547 to the Sentencing Guidelines in his initial § 2255 habeas petition. (D.E. 29 at 5.)  Petitioner argues, however, that AEDPA's prohibition against raising claims in a second or successive habeas petition that could have been raised in prior application is not jurisdictional but procedural and requests that the Court apply the savings clause of § 2255 and consider his claim.

"A § 2241 petition which attacks errors that occur at trial or sentencing is properly construed under § 2255." *Tolliver v. Dobre*, 211 F.3d 876, 877–78 (5th Cir. 2000).  Petitioner's claim that the sentencing judge improperly applied the Sentencing Guidelines falls under § 2255. However, Petitioner is barred by § 2255(h) from bringing a "second or successive motion" in the sentencing court because he already filed a § 2255 petition on September 20, 1999, after Amendment 547 became effective on November 1, 1997, and he does not present any "new rule of constitutional law, made retroactive to cases on collateral review."  Nevertheless, under § 2255(e), where the remedy available to a petitioner under § 2255 is "inadequate or ineffective," the petitioner may invoke the savings clause, and the reviewing court may consider the habeas petition under § 2241.  Petitioner urges the Court to apply the savings clause to his claim.

However, the Fifth Circuit has "held that a prior unsuccessful § 2255 motion, or inability to meet AEDPA's 'second or successive' requirement, does not make § 2255 inadequate or ineffective." *Tolliver*, 211 F.3d at 878.   Accordingly, Petitioner's request that the Court "circumvent the limitations on filing successive § 2255 motions" and apply the savings clause is rejected. *Id*.   Petitioner asserts that § 2255(h) only constitutes a procedural bar that can be disregarded. (D.E. 29 at 5.)  This is not the case.  The Court cannot ignore clearly established Fifth Circuit precedent.

Petitioner additionally challenges the Magistrate Judge's conclusion that his sentence did not exceed the statutory maximum punishment for his crime, and he argues that his sentence was "grossly disproportionate" under *Graham v. Florida*, 130 S. Ct. 2011, 2029 (2010) for a non-capital offense. (D.E. 29 at 5–6.)  Petitioner does not, however, identify why this entitles him to collaterally attack, in this Court, an alleged error that occurred at sentencing.  As previously noted, "[a] § 2241 petition which attacks errors that occur at trial or sentencing is properly construed under § 2255." *Tolliver*, 211 F.3d at 877–78.  And Petitioner has not shown that the remedy available to him under § 2255 is inadequate or ineffective.

Petitioner may pursue a second or successive habeas petition with the sentencing court under § 2255(h) provided he meets the AEDPA requirements for bringing such a petition. However, Petitioner's failure to meet AEDPA's requirements for a second or successive habeas petition does not make the remedies available to him under § 2255 inadequate or ineffective and entitle him to invoke the savings clause. *Tolliver*, 211 F.3d at 877–78.

Furthermore, the Fifth Circuit requires that a petitioner satisfy a two-prong test before the savings clause can be invoked to address errors that occurred at trial or sentencing under § 2241.

> [T]he savings clause of § 2255 applies to a claim (i) that is based
> on a retroactively applicable Supreme Court decision which

5

establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  Petitioner cannot say that, in light of the Supreme Court's holding in *Graham v. Florida*, 130 S. Ct. 2011 (2010), he was convicted of a nonexistent offense.

Petitioner was required to demonstrate that the available § 2255 remedies were inadequate or ineffective. *Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003).  Petitioner failed to carry this burden, and therefore, Petitioner's second objection is overruled.  The Court therefore dismisses Claim II of Petitioner's § 2241 habeas petition.

### C.    Petitioner's Third Claim for Relief

Claim III of Petitioner's § 2241 habeas petition alleges that his sentence is being executed in violation of the Mandatory Victims Restitution Act (MVRA) and Article III of the Constitution because the Bureau of Prisons (BOP) may only enforce a payment plan set by the district court at sentencing. (D.E. 2 at 19–25.)  At sentencing, the district court imposed a fine of $10,000 and a special assessment of $200.  The fine was due immediately, and the sentencing court recommended that Petitioner participate in the BOP's Inmate Financial Responsibility Program (IFRP), which works with inmates to develop a plan to meet their financial obligations. (D.E. 17-2.)  Petitioner argues that the BOP's establishment of a payment plan under the IFRP constitutes an improper delegation of judicial authority. (D.E. 2 at 22.)

The Magistrate Judge concluded that because Petitioner was attacking the sentencing court's imposition of the fine rather than the manner in which the BOP was collecting the fines, Petitioner's claim must be construed under § 2255, and as Petitioner failed to establish any basis for invoking the savings clause, Petitioner's third claim for relief must be dismissed. (D.E. 21.)

6

Petitioner objects to the Magistrate Judge's conclusion, arguing that at no time did he ever contend that he was invoking § 2255's savings clause; rather, Petitioner argues that he is attacking his conditions of confinement under § 2241. (D.E. 29 at 6.)

The Court agrees with the Magistrate Judge that Petitioner's habeas petition attacks the trial court's imposition of the sentence rather than the BOP's execution of the sentence, and Petitioner has failed to establish a basis for invoking the savings clause.  If the sentencing court improperly delegated its authority to the BOP by failing to set a schedule of payments, this constituted error at the sentencing stage, not a constitutional violation of Petitioner's rights in the execution of his sentence.  Errors in the imposition of a sentence are properly addressed under § 2255, and Petitioner's third claim for relief must be dismissed because he failed to establish any basis for invoking the savings clause.

Moreover, even assuming arguendo that Petitioner's third claim for relief should be construed as challenging the BOP's administration of his sentence under § 2241, the Court concludes that Petitioner failed to allege a constitutional violation.  To state a valid claim for habeas relief under § 2241, Petitioner must first establish "the deprivation of some right secured to the petitioner by the United States Constitution or the laws of the United States." *Schmidt v. United States Dep't of Justice*, Case No. 01-31065, 2002 WL 495356 at *1 (5th Cir. Mar. 18, 2002) (per curiam) (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (" '[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.' ")).  Petitioner argues that the BOP can only enforce a payment plan set by the sentencing court. (D.E. 2 at 19.)  Because the sentencing court did not establish a payment plan,

Petitioner asserts that the imposition of any payment plan by the BOP is unconstitutional. The Court disagrees.

First, the failure of the sentencing court to establish a payment schedule in its judgment of conviction does not constitute an improper delegation of judicial authority to the BOP. *Schmidt*, 2002 WL 495356 at *1. The sentencing court's judgment must set out the amount of the fine, but need not establish the manner and timing of payments. *See United States v. Sawyer*, 521 F.3d 792, 795 (7th Cir. 2008) (Easterbrook, J.) ("judgment of conviction need not contain a schedule of restitution payments to be made during incarceration"); *United States v. Miller*, 406 F.3d 323 (5th Cir. 2005); *United States v. Dawkins*, 202 F.3d 711 (4th Cir. 2000).

Second, participation in the IFRP by inmates is voluntary. *See United States v. Boyd*, 608 F.3d 331, 334 (7th Cir. 2010) ("The IFRP can be an important part of a prisoner's efforts toward rehabilitation, but strictly speaking, participation in the program is voluntary. . . . [A]n inmate in the Bureau of Prisons' custody may lose certain privileges by not participating in the IFRP, but the inmate's participation cannot be compelled."); *Williams v. Pearson*, 197 Fed. App'x 872, 877 (11th Cir. 2006) ("The IFRP, however, is a voluntary program with consequences if an inmate chooses not to participate in it, 28 C.F.R. § 545.11(d), and while this Circuit has not yet done so, every circuit to have addressed the IFRP has approved of it and found no due process violations."); *United States v. French*, Case No. 3-09-CR-044-M, 2010 WL 1705717 at *1 (N.D. Tex. Apr. 6, 2010) ("voluntary program which employs a standard formula to determine the amount of restitution payments an inmate should make while incarcerated"). As the sentencing court cannot order an inmate to participate in or establish a payment schedule under the IFRP at the time of sentencing, there cannot have been an improper delegation of authority.

Rather, it is within the authority delegated to the BOP by the executive branch to establish the terms under which inmates are incarcerated. *See Sawyer*, 521 F.3d at 795 ("the Bureau of Prisons' authority rests on statutes, and any delegation is from the President and the Attorney General rather than a judge").  This may include how an inmate's prison earnings and trust accounts are managed, and how an inmate's debts are to be paid out of his prison trust account.  In the case at hand, the judgment of conviction set the amount of the fine and required that it be paid "immediately." (D.E. 17-2 at 6.)  The sentencing court's silence concerning a payment schedule did not constitute an unconstitutional transfer of judicial authority, as the management of the money an inmate earns or receives while in prison falls squarely within the BOP's ample authority to regulate a prisoner's conditions of confinement. *United States v. Frazier*, 144 Fed. App'x 766, 768 (11th Cir. 2005) (concluding that the district court, having provided that restitution was due immediately, did not improperly delegate to the BOP its authority to establish a repayment schedule); *Sawyer*, 521 F.3d at 795–96 ("Prison earnings and other transactions concerning prison trust accounts are so completely within the Bureau of Prisons' control that it would be pointless for a judge to tell the convict how much to pay a month.").

Petitioner cites to *United States v. Corley*, 500 F.3d 210 (3d Cir. 2007), *overruled on other grounds*, 556 U.S. 303 (2009), and *United States v. Coates*, 178 F.3d 681 (3d Cir. 1999) for the proposition that a sentencing court must enter a payment schedule for a convict's period of incarceration at the time of sentencing, and that silence by the sentencing court constitutes an impermissible delegation of authority to the BOP.  These cases present only persuasive authority for this Court, and the Fifth Circuit has concluded (albeit in an unpublished case) that silence does not constitute an improper delegation of authority. *Schmidt*, 2002 WL 495356 at *1.

Accordingly, the Court concludes that there was not an improper delegation of authority by the sentencing court.

Lastly, Petitioner fails to identify any case law indicating that the IFRP is unconstitutional.  Courts that have addressed this issue have upheld the program against constitutional attack as serving the legitimate penological purpose of rehabilitation. *See, e.g.*, *Miller v. James*, Case No. 01-60690, 2002 WL 495091 at * 1 (5th Cir. 2002) (per curiam); *Mitchell v. United States*, Case No. 99-50789, 2000 WL 309968 at *1 (5th Cir. Mar. 6, 2000) ("The IFRP serves the legitimate penological interest of rehabilitation, and has been upheld against constitutional attack."); *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999); *Lang v. Quinlan*, Case No. 92-1435, 1993 WL 129675 at *4–8 (5th Cir. 1993); *Johnpoll v. Thornburgh*, 898 F.2d 849, 851 (2d Cir. 1990) ("Johnson's constitutional challenge to the . . . [IFRP] must fail, because . . . [it] serves valid penological interests and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation."); *James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989).

To invoke the savings clause, Petitioner was required to demonstrate that the remedy available to him under § 2255 was inadequate or ineffective. *Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003).  Petitioner failed to carry this burden.  Additionally, to the extent that Petitioner attacks his conditions of confinement under § 2241, he has failed to allege a constitutional violation.  Therefore, Petitioner's third objection to the Magistrate Judge's Memorandum and Recommendation is overruled, and the Court dismisses Claim III of Petitioner's § 2241 habeas petition.

### III.    CONCLUSION

The Court is without jurisdiction to hear Petitioner's § 2241 habeas petition as Petitioner failed to establish any basis for invoking the savings clause of § 2255. *See Christopher v. Miles*, 342 F.3d 378, 379 (5th Cir. 2003); *Newton v. Maye*, Case No. A–11–CA–530 SS, 2011 WL 3846466 at *2 (W.D. Tex. Aug. 29, 2011) ("If an individual who has filed a § 2241 petition fails to show § 2255 to be inadequate or ineffective, then the Court lacks jurisdiction to consider the § 2241 petition.").   Additionally, even assuming arguendo that Petitioner's third claim for relief should be construed as attacking the BOP's execution of his sentence under § 2241, rather than the sentencing court's imposition of his sentence, the Court concludes that Petitioner failed to allege a constitutional violation.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation (D.E. 21), as well as Petitioner's Written Objections (D.E. 29), and all other relevant documents in the record, and having made a de novo disposition of the objected-to portions of the Magistrate Judge's Memorandum and Recommendation, the Court **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.   Accordingly, Respondent's Motion to Dismiss (D.E. 17) is **GRANTED** and Petitioner's claims are **DISMISSED** for want of jurisdiction.

**ORDERED** this 11th day of January 2012.

**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**

11